# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-071--KDB-DCK

| | |
|---|---|
| HIGHWAY MARKINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MAGNOLIA ADVANCED MATERIALS, INC., <br><br> Defendant. | **STIPULATED PROTECTIVE ORDER** |

This matter is before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.2 for the United States District Court for the Western District of North Carolina for entry of an Order, with consent and agreement of the parties, governing the disclosure and protection of confidential and proprietary business and/or personal information that may be disclosed or already conveyed in this case. In order to facilitate discovery, while preserving and maintaining the confidentiality of certain documents or testimony that may be sought by the parties, and in the interests of justice, it is hereby ORDERED by the Court as follows:

    1.    **Definitions.**

    a.    Confidential Information. The term "Confidential Information" shall mean and include information contained or disclosed in any Documents (as defined below), portions of Documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony

and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs and identified and designated as Confidential Information by that party. Confidential Information shall not include information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order or other fault of the receiving party; (b) is acquired by the receiving party from a third party not owing a duty of confidentiality to the producing party; (c) before receipt from the producing party, was lawfully possessed by the receiving party without a duty of confidentiality to the producing party; (d) is disclosed by the producing party to a third party not owing a duty of confidentiality to the producing party, subject to Fed. R. Civ. P. 26(b)(5)(B); (e) is independently developed by the receiving party; (f) is disclosed under operation of law without confidentiality or disclosure provisions after prior notice to the producing party; (g) was disclosed to the receiving party by the producing party prior to entry of this Protective Order without a duty of confidentiality to the producing party; or (h) is disclosed by the receiving party with the producing party's prior written approval. Confidential Information may include documents and information designated under this Order as "CONFIDENTIAL."

b. **Documents.** The term "Documents" shall have the meaning ascribed to the terms "documents," "electronically stored information," and "tangible things" in Fed. R. Civ. P. 34.

2. **Scope.** All documents, things, testimony, and other information, or the substance thereof in any form, including documents and things produced by either

party, interrogatory answers, responses to requests for admissions, deposition exhibits, and any other discovery materials produced or subject to discovery, and all copies, excerpts, abstracts, and summaries thereof produced, given, or filed during discovery and other proceedings in this action shall be subject to this Order concerning Confidential Information as set forth below.

**3.     Form and Timing of Designation.**

a.     Confidential Information may be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will maintain the legibility of the document.  Documents may be so designated prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of documents without prior designation shall not be deemed a waiver, in whole or in part, of the right to designate documents at a later date.  Upon learning of any inadvertent or unintentional failure to designate, the producing party may designate such information.  A receiving party who disseminates a document or information not marked "CONFIDENTIAL" originally, but later so marked shall make reasonable efforts to retrieve the document or information from any recipients after being notified of the inadvertent or unintentional failure to properly mark the document. A receiving party disagreeing with the designation of such materials may challenge the designation as set forth herein but must comply with these procedures pending the resolution of any such challenge.  These procedures shall not waive or eliminate any other protections available under any other governing rules or procedures.

**4. Documents Which May Receive a "CONFIDENTIAL" Designation.** Any producing party or third party may designate documents as "CONFIDENTIAL" that contain (i) information protected from disclosure by statute, (ii) sensitive personal, technical, or financial information, (iii) trade secrets, or (iv) confidential research, development, proprietary, or commercial information, or (v) documents that the producing party in the ordinary course of business does not or would not disclose to third parties except in confidence, or has undertaken with others to maintain in confidence, and/or is under a preexisting obligation to maintain as confidential or private. Information or documents that are available to the public may not be designated as "CONFIDENTIAL."

**5. Depositions.** Portions of depositions shall be deemed "CONFIDENTIAL" only if designated as such when the deposition is taken or within ten (10) business days after receipt of the final transcript. Such designation shall be specific as to the portions to be protected; however, the entire transcript may be designated when the deposition is taken, provided the final designation of portions is made within ten (10) business days after receipt of the final transcript.

6. **Protection of "CONFIDENTIAL" Material.**

a. General Protections. Documents designated "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified in ¶ 6(b) below for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). In the event that a party inadvertently or

unintentionally disseminates "CONFIDENTIAL" information to someone not entitled to receive the document or information, it shall immediately notify the producing party and shall use its best efforts to retrieve the documents or information and secure the agreement of the recipient not to disclose the "CONFIDENTIAL" information.

b.  Limited Disclosure of "CONFIDENTIAL" Materials. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(6) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL" pursuant to this Order:

(1)  in-house counsel and owners, managers, or employees of a party to this order, but only to the extent counsel of record shall determine that the specific individual's assistance is necessary to the conduct of the litigation in which the information is disclosed and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) that he or she has read and understands the terms of this Order and is bound by it;

(2)  outside counsel of record and employees of outside counsel of record involved in the preparation and trial of this action;

(3)  court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)  consultants, investigators, or experts engaged by the parties or counsel for the parties to assist in the preparation and trial of this action (hereinafter referred to collectively as "Experts") only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) that he or she has read and understands the terms of this Order and is bound by it;

(5) professional translators engaged by counsel or the Court to translate confidential documents and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) that he or she has read and understands the terms of this Order and is bound by it;

(6) outside photocopying, coding, digitizing, data processing, graphic production services, or other vendors that the parties or their counsel utilize to assist in this action and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto);

(7) mediators and employees of mediators involved in the preparation and mediation of this action; and

(8) other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) that he or she has read and understands the terms of this Order and is bound by it.

c. Control of Documents. Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" pursuant to the terms of this order.

d. Copies. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as "CONFIDENTIAL" under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the words do not already appear on the copy. All such copies shall be afforded the full protection of this Order.

7. **Filing of "CONFIDENTIAL" Materials.** The parties understand that documents may be filed under seal only pursuant to any governing procedures of the

Court. Each party agrees to seek sealing and other measures of suitable protection when filing any documents or information designated as CONFIDENTIAL.

8. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party obtains an Order from the Court providing such special protection.

9. **Challenges to Designation as "CONFIDENTIAL."** Any of the designations permitted herein are subject to challenge. The following procedures shall apply to any such challenge.

a. The burden of proving the necessity of a confidentiality designation remains with the party asserting the protection.

b. A party who contends that designated documents are not entitled to protection under this Order shall give written notice to the party who affixed the designation of the specific basis for the challenge. The producing party shall have ten (10) business days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the designation.

c. Notwithstanding any challenge to the designation of documents, all material previously designated shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party designating the documents withdraws such designation in writing;

(2) the producing party fails to move timely for an Order confirming the designation as set forth in ¶ 9(b) above; or

(3) the Court rules that the documents should no longer be designated as "CONFIDENTIAL."

d. Challenges to the designation of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**10. Inadvertent Production of Exempt Documents.** Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and/or work product protection will not be not waived by any disclosure connected with the litigation pending before the Court. Additionally, such disclosure will not constitute a waiver in any other Federal or State proceeding. If information is produced in discovery that is subject to a claim of privilege or protection as work product material ("privilege"), and, regardless of whether the information has been designated pursuant to this Order, the party making the claim may notify any party that received the information and provide the basis for such a claim. In accordance with Federal Rule of Evidence 502(d)-(e), the protections of which are expressly incorporated herein, such a production or disclosure does not operate as a waiver or impairment of any privilege or protection associated with any such production or disclosure. Specifically, pursuant to Federal Rule of Evidence 502(d), the production of privileged or work product protected information is not a waiver of any applicable privilege or protection in the pending above-captioned actions or in any other federal or state proceeding. After being notified by a party claiming privilege that

information produced by that party is subject to a claim of privilege, a receiving party (a) must promptly return or destroy the specified information and any copies it has, (b) must not use or disclose the information (or any notes, memorandum, or analyses to the extent they encompass or are based upon such information) until the claim is resolved (and thereafter if the claim of privilege is upheld, any such materials must be destroyed to the extent they include or are based upon such information), and (c) must take reasonable steps to retrieve the information if the party disclosed it before being notified. These obligations include a restriction against presenting the information to the Court for a determination of the claim. If applicable, the party making the claim must serve a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5) within ten (10) days of notifying any receiving party of the claim. The party making the claim must also preserve the information until the claim is resolved. The matter shall be resolved on the basis of the information set forth in the privilege log and in accordance with the standards, laws, and rules pertaining to the privilege(s) claimed if presented to the Court for resolution by the receiving party. If the receiving party does not move for an order directing production of the information no later than ten (10) business days after receiving the producing party's written notification of the inadvertent or unintentional production, the information will be conclusively determined to be exempt from production.

**11. Treatment on Conclusion of Litigation.**

a. Order Remains in Effect. All provisions of this Order restricting the use of documents designated "CONFIDENTIAL" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. Return of Protected Documents. Within six months after the conclusion of the litigation, including conclusion of any appeal, all documents designated as "CONFIDENTIAL" under this Order, including copies as defined in ¶ 6(d) above shall, at the receiving party's election, be returned to the producing party or destroyed. The receiving party shall verify the return or destruction in writing to the producing party, upon the producing party's request. Notwithstanding the foregoing, outside counsel of record may retain a complete set of pleadings and court papers, deposition and trial transcripts, deposition and trial exhibits, affidavits and declarations, and work product after final conclusion of this litigation, but Confidential Information contained therein shall not be disseminated and shall remain subject to the terms of this Protective Order. Further, the parties shall not be required to return or destroy Confidential Information maintained in computer back-up systems or other storage media that are not readily accessible or normally accessed (*e.g.*, electronic disaster recovery systems which are overwritten in the normal course of business), but such material shall remain subject to this Order in all respects.

**12. Order Subject to Modification.** This Order supersedes any previous orders or agreements of the parties that conflict with the terms herein. This Order

shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification. Any deadlines herein may be extended by the parties by agreement.

13. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

Signed: February 25, 2020

David C. Keesler
United States Magistrate Judge

WE CONSENT:

s/      Mason C. Rollins (w/ permission)  
R. Harper Heckman  
Brett M. Becker  
Attorneys for Plaintiff  
Nexsen Pruet  
701 Green Valley Road, Suite 100  
Greensboro, North Carolina 27408  
Telephone: 336.387.5181  
Fax: 336.387.8915  
E-mail: hheckman@nexsenpruet.com  
          bbecker@nexsenpruet.com  

Gregory Lee Cashion  
Mason C. Rollins  
Smith Cashion & Orr, PLC  
One American Center  
3100 West End Avenue, Suite 800  
Nashville, TN 37203  
Telephone: 615.742.8553  
Email: gcashion@smithcashion.com  
         mrollins@smithcashion.com  

s/      Donald R. Pocock  
Donald R. Pocock, NC Bar No. 29393  
Attorney for Defendant  
NELSON MULLINS RILEY &  
  SCARBOROUGH LLP  
380 Knollwood Street, Suite 530  
Winston-Salem, NC  27103  
Telephone: 336.774.3324  
Fax: 336.774.3376  
E-mail: donald.pocock@nelsonmullins.com

# ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-071--KDB-DCK

HIGHWAY MARKINGS, INC.,

          Plaintiff,

vs.

MAGNOLIA ADVANCED MATERIALS, INC.,

          Defendant.

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Stipulated Protective Order and understands that the terms of said Order obligate him/her to treat all discovery materials designated "CONFIDENTIAL" strictly in accordance with the terms and conditions of the Stipulated Protective Order, use such information solely for the purposes of the above-captioned action, and not to disclose any such information to any other person, firm or concern. The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:                                Job Title:

Employer:

Business Address:

Date: _____                    Signature: _____